**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Jose Escobedo, as assignee in interest of Treasa Casseaux, | Case No. 2:21-cv-00722-GMN-DJA |
| Plaintiff, | **Order** |
| v. | |
| The Hertz Corporation, et al., | |
| Defendants. | |

After being hit by Treasa Casseaux's rental car, Plaintiff Jose Escobedo sued Casseaux in state court, obtaining a judgment against Casseaux for $90,000. Escobedo, as judicial assignee of Casseaux, then sued Defendants The Hertz Corporation; ESIS, Inc.; and ACE American Insurance Company, claiming that Hertz, ESIS, and ACE failed to indemnify or defend Casseaux in the underlying state court action. Defendants removed the action to federal court.

Escobedo now moves to amend his complaint to add a fraud action against Defendants. Because the Court finds that amendment is not futile, it grants Escobedo's motion. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.      Background.**

Escobedo's motion to amend (ECF No. 26) seeks to add a fraud claim against Defendants. Escobedo claims that, while taking the deposition of Hertz's counsel in the underlying state court action, he learned that Hertz had made misrepresentations to Casseaux about the insurance covering her. According to Escobedo, although Hertz represented that it would indemnify Casseaux under a separate policy, Hertz did not have a separate policy covering Casseaux. Escobedo attaches a proposed amended complaint with the fraud claim also alleged against ACE (Hertz's alleged insurance provider), and ESIS (ACE's alleged insurance underwriter and/or manager).

Defendants oppose Escobedo's motion (ECF No. 27), claiming that amendment is futile for three reasons.  First, Defendants argue that Casseaux already claimed that she was not driving the car when it hit Escobedo.[1]  Defendants point to Casseaux's police statement that an unknown person had stolen her rental car.  Defendants argue that this means Casseaux was not entitled to insurance coverage under the rental contract.  They also argue that, because Escobedo has stepped into Casseaux's shoes for the purposes of this litigation, Casseaux's statements are binding on Escobedo.  Second, Defendants argue that Hertz was not required to procure a separate policy for Casseaux because it is authorized under Nevada law to be self-insured.[2]  Third, Defendants claim that Escobedo's motion does not mention amending the complaint to assert a fraud claim against ESIS and ACE, only Hertz.  Thus, the amended fraud claim against ESIS and ACE is improper.  Defendants add that, even if it was not improper, Plaintiff does not assert any allegations about how ESIS or ACE committed fraud.

Escobedo replies (ECF No. 28) and argues that amendment is not futile.  Addressing Hertz's first argument that Casseaux claimed she was not driving the car, Escobedo argues that he is not bound by Casseaux's statements because she did not make them in court, but rather, to a police officer.  Escobedo does not address Hertz's argument about being self-insured or about Escobedo asserting fraud against ESIS and ACE.

## II.    Standard.

Under Federal Rule of Civil Procedure 15(a)(2), courts should "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit has repeatedly cautioned courts to "liberally allow a party to amend its pleading."  *Sonoma Cnty. Ass'n of Re. Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).  "Courts may decline to grant leave

---

[1] Notably, Escobedo's original complaint in this action alleged that Casseaux—not an unknown party—was driving the vehicle.  (ECF No. 1).  Hertz moved for Rule 11 sanctions based on this allegation two months before Escobedo moved to amend his complaint.  (ECF No. 17).

[2] ACE and ESIS have made this argument in their Rule 11 sanctions motion, explaining that neither ACE nor ESIS were involved because "no policy was issued as Hertz is self-insured." (ECF No. 18).

1  to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part

2  of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

3  prejudice to the opposing party by virtue of allowance of the amendment or futility of

4  amendment, etc.'" *Id.* (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

5  **III.   Discussion.**

6      The Court grants Escobedo's motion to amend because Defendants have not convinced

7  the Court that amendment is futile.  A motion to amend a complaint is futile where the motion

8  offers no new set of facts or legal theory or fails to state a cognizable claim.  *See Gardner v.*

9  *Martino*, 563 F.3d 981, 991-92 (9th Cir. 2009).  Futility alone is grounds to deny a motion

10  seeking leave to amend.  *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  Causes of

11  action are futile if they cannot satisfy the Rule 12(b)(6) threshold.  *See Boorman v. Nevada*

12  *Memorial Cremation Society, Inc.*, 772 F.Supp.2d 1309, 1317 (D. Nev. 2011).

13      Here, Defendants have not convinced the Court that amendment is futile.  Defendants'

14  first argument—that Casseaux's statements that she was not driving the car are binding on

15  Escobedo—without more, do not show that amendment is futile.  Defendants have not pointed to

16  any evidence or fleshed out their argument that, because Casseaux was not the driver, she was not

17  entitled to a separate insurance policy.  They have also not pointed to any evidence or fleshed out

18  their argument that, because Casseaux was not the driver, Hertz did not make any

19  misrepresentations to her that Escobedo cannot assert on her behalf.  Moreover, Escobedo is not

20  amending his complaint to add assertions that Casseaux was the driver.  Those statements were

21  already in his original complaint.  And Defendants have filed Rule 11 sanctions motions on those

22  statements.  Defendants' argument is more appropriately raised and litigated in the Rule 11

23  motions.  The Court will not reach them here.

24      Defendants' second argument—that Hertz did not need to provide Casseaux insurance

25  because it was self-insured—is not sufficiently argued to allow this Court to find that amendment

26  is futile.  Even if Hertz is self-insured, it has not pointed to any evidence or sufficiently argued

27  that it did not make any false statements to Casseaux about the insurance it would provide to her.

28

Although Escobedo did not address this argument in reply, the Court does not find Defendants' argument convincing enough to deviate from the requirement to liberally allow leave to amend.

Defendants' third argument—that Escobedo's motion does not mention adding a fraud claim against ESIS or ACE—does not convince the Court that amendment is futile.  Defendants have cited no case law for the proposition that a motion to amend must include each proposed amendment in detail, especially when a party has attached that proposed amendment to the motion.  Additionally, Defendants' arguments that Escobedo has not alleged sufficient facts to assert fraud against ESIS or ACE is more suited to a motion to dismiss or for summary judgment, rather than an opposition to amendment.  Defendants have shown that Escobedo's allegations may be deficient but have not shown them to be entirely futile.

While Defendants' arguments establish that Escobedo's claims are questionable, they do not convince the Court that Escobedo's proposed amendment is futile.  Defendants are also not prejudiced.  They are free to bring their arguments, and more fully develop them, in a separate motion.  The Court grants Escobedo's motion to amend.

**IT IS THEREFORE ORDERED** that Escobedo's motion to amend (ECF No. 26) is **granted**.  Escobedo shall file and serve the amended pleading in accordance with Local Rule 15-1.

DATED: September 16, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE